IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiffs, <br><br> vs. <br><br> **DAVID A. LACY,** an individual, **KEVIN SHUMWAY**, an individual, **SHARON EVETTE SHUMWAY**, an individual, <br><br> Defendants. | **ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL** <br><br><br> Civil No. 2:09-cr-00045 <br><br> Judge Ted Stewart |

This matter came before the Court on Mr. Lacy's Stipulated Motion to Continue Trial. Defendant, Mr. Lacy, is represented by counsel, Matthew R. Lewis. Defendant, Kevin Shumway, is represented by counsel, David Finlayson. Defendant, Sharon Evette Shumway, is represented by counsel, Scott Williams. The government is represented by Assistant United States Attorney Richard D. McKelvie. Defendants have sought a continuance on the basis that the government has a conflict with the current trial dates and the Defendants require additional time to analyze materials and interview potential witnesses in order to adequately prepare for trial.

FINDINGS OF FACT

The government has informed Mr. Lacy that it has a conflict with respect to the currently scheduled trial dates in this matter. Additionally, Mr. Lacy does not believe that he will be fully

prepared to present his case in one month in light of recently identified individuals who may have information relevant to this case. Indeed, over the next few months, Mr. Lacy's legal team has identified a number of individuals that it plans to interview, many of whom may be witnesses at the trial of this matter. In addition to the government's conflict and the issue regarding the new potential witnesses, Mr. Lacy has work obligations that conflict with the current trial dates. Finally, defendants Kevin and Sharon Evette Shumway have also stipulated to the proposed changes to the current trial dates.

The matter had previously been set for trial to begin on November 15, 2010. The government and defense counsel have conferred and determined that the preferred trial date would be in the Summer of 2011. Because Mr. Lacy is a high school teacher, this would allow the trial to take place at a time when Mr. Lacy would have more time to participate in his own defense and assist in preparation for trial. In addition, the government's counsel teaches a class at the University of Utah School of Law and it would be difficult to accommodate a trial date before April 2011.

Based on motion by defendant, and for good cause,

IT IS HEREBY ORDERED:

The trial date of November 15, 2010, is continued. The Court hereby sets a 6-Day Jury Trial for July 11, 2011, at 08:30 a.m. before Judge Ted Stewart, a Final Pretrial Conference is set for June 30, 2011, at 2:30 p.m. The Court also sets a plea cutoff date of June 1, 2011, and a motion cut-off date of June 1, 2011.

The time between the filing of Mr. Lacy's stipulated motion, and July 11, 2011, is excluded for speedy trial purposes pursuant to 18 U.S.C. §3161.  The Court finds that 1) the ends of justice served by excluding such time outweigh the best interests of the public and the defendants in a speedy trial, and 2) it is necessary to continue this matter based on the complexity of the potential defenses in this case and the recent identification of potential witnesses in this matter, which requires follow-up and review by defense counsel in order to mount a defense in this action.  It is unreasonable to expect adequate preparation for pretrial proceedings and for trial within the time periods as set forth in 18 U.S.C. § 3161.  The Court finds that the additional time for the review of discovery and preparation for trial is excluded from any computation of time pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B). In reviewing this motion, the Court has considered that the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible and would result in the miscarriage of justice.  Additionally, the failure to grant this continuance would deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court bases these conclusions on the following specific facts:

1. The Court finds that this case involves complicated legal and factual allegations.
2. The discovery in this matter is extensive and potential witnesses have only recently been identified.
3. Based on the complexities of this case, the requested continuance would be reasonable to give the defendant sufficient time to prepare for trial.

4. Without this continuance, proceeding in preparation of a defense of this case would be impossible and would result in a miscarriage of justice, and therefore under 18 U.S.C. § 3161(h)(7)(A) & (B)(i) the time should be tolled under the Speedy Trial Act.

5. This requested continuance is necessary for the defense and preparation of the trail and outweighs the best interest of the public and the defendants in a speedy trial.

DATED this 5th day of November, 2010.

BY THE COURT:

_____
Ted Stewart
United States District Judge

1110545