Matthew R. Lewis (7919)
Matthew M. Cannon (11265)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mlewis@rqn.com
mcannon@rqn.com

*Attorneys for Defendant David A. Lacy*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID A. LACY,** an individual,<br><br>Defendant. | **MOTION TO DISMISS COUNTS 7, 8, 10, 11, 13 & 14**<br><br>Civil No. 2:09-cr-00045<br><br>Judge Ted Stewart |

Defendant, David A. Lacy, by and through his counsel of record, submits this Memorandum in Support of Motion to Dismiss, and respectfully requests that this Court dismiss Counts 7, 8, 10, 11, 13, and 14 of the Superseding Indictment against Mr. Lacy.

## FACTS

In the Superseding Indictment handed down against Mr. Lacy on May 27, 2009, Mr. Lacy is charged with nine counts of violating federal law regarding the sell of certain property. Mr. Lacy is charged under three different statutes: 16 U.S.C. § 470ee and 18 U.S.C. § 2 ("**ARPA**"); 18 U.S.C. § 1170(b) & 2 ("**NAGPRA**"); and 18 U.S.C. § 641 (Theft of Government Property). With respect to the alleged violations of ARPA and NAGPRA, Mr. Lacy is charged as follows:

- Count 7 alleges that Mr. Lacy sold a turkey feather blanket in violation of ARPA;
- Count 8 alleges that Mr. Lacy sold a turkey feather blanket in violation of NAGPRA;
- Count 10 alleges that Mr. Lacy sold a basket mat fragment and female apron/loin cloth in violation of ARPA;
- Count 11 alleges that Mr. Lacy sold one complete woven sandal and two partial woven sandals in violation of ARPA;
- Count 13 alleges that Mr. Lacy sold two woven fiber sandals in violation of ARPA;
- Count 14 alleges that Mr. Lacy sold two woven fiber sandals (described in Count 13) in violation of NAGPRA; and,

The following table outlines the counts addressed above:

| COUNT | DATE | STATUTE | ARTIFACTS |
|---|---|---|---|
| 7 | 12/11/07 | **ARPA** 16 U.S.C. § 470ee and 18 U.S.C. § 2 | Turkey feather blanket |
| 8 | 12/11/07 | **NAGPRA** 18 U.S.C. § 1170(b) and 2 | Turkey feather blanket |
| 10 | 1/15/08 | **ARPA** 16 U.S.C. § 470ee and 18 U.S.C. § 2 | Basket mat fragment and a female apron/loin cloth |
| 11 | 1/15/08 | **ARPA** 16 U.S.C. § 470ee and 18 U.S.C. § 2 | One complete woven sandal and two partial woven sandals |
| 13 | 1/15/08 | **ARPA** 16 U.S.C. § 470ee and 18 U.S.C. § 2 | Two woven fiber sandals |
| 14 | 1/15/08 | **NAGPRA** 18 U.S.C. § 1170(b) and 2 | Two woven fiber sandals (as described in 13) |

## **ARGUMENT**

**I.   THE GOVERNMENT CANNOT PRODUCE ANY EVIDENCE THAT THE ALLEGED ARTIFACTS WERE FOUND AFTER 1979, LET ALONE 1990, A REQUIREMENT UNDER ARPA AND NAGPRA, RESPECTIVELY.**

The ARPA and NAGPRA charges against Mr. Lacy should be dismissed because the United States government cannot demonstrate that the relevant items were found by Mr. Lacy after the enactment of the respective statutes.

The Archeological Resources Protection Act ("ARPA") was enacted in October 1979. In pertinent part, ARPA reads:

(a)   No person may excavate, remove, damage, or otherwise alter or deface, or attempt to excavate, remove, damage, or otherwise alter or deface any archaeological resource located on public lands or Indian lands unless such activity is pursuant to a permit...;

3

>   (b) No person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of—
>
>   > (1) the prohibition contained in subsection (a) of this section, or
>   >
>   > (2) any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law;
>
>   (c) No person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange, in interstate or foreign commerce, any archaeological resource excavated, removed, sold, purchased, exchanged, transported, or received in violation of any provision, rule, regulation, ordinance, or permit in effect under State or local law.

16 U.S.C. § 470ee. ARPA also provides that "[n]othing in subsection (b)(1) of this section shall be deemed applicable to any person with respect to an archaeological resource which was in the lawful possession of such person prior to October 31, 1979." 16 U.S.C. § 470ee (f). In other words, the government has the burden to demonstrate that Mr. Lacy obtained the relevant alleged archeological resource *after* October 31, 1979.

NAGPRA was enacted in November 1990. *See* 18 U.S.C. § 1170; *see also* 25 U.S.C. § 3001; Pub. L. 101-601, § 2, Nov. 16, 1990, 104 Stat. 3048. NAGPRA provides, in part, that:

>   (b) Whoever knowingly sells, purchases, uses for profit, or transports for sale or profit any Native American cultural items obtained in violation of the Native American Grave Protection and Repatriation Act shall be fined in accordance with this title, imprisoned not more than one year, or both, and in the case of a second or subsequent violation, be fined in accordance with this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 1170(b).  A party cannot knowingly sell a cultural item obtained in violation of NAGPRA.  *Id.*  Accordingly, because NAGPRA was not enacted until November 1990, any cultural item obtained before that date could not have been obtained in violation of NAGPRA.

In this case, the government has failed to provide the Court and Mr. Lacy with any evidence demonstrating that the relevant items were obtained by Mr. Lacy after October 31, 1979.  This failure is futile to the ARPA and NAGPRA charges against Mr. Lacy.  *See* 16 U.S.C. § 470ee (f); 18 U.S.C. § 1170; 25 U.S.C. § 3001; Pub. L. 101-601, § 2, Nov. 16, 1990, 104 Stat. 3048.  Consequently, Mr. Lacy respectfully requests that the ARPA and NAGRPA charges against him—Counts 7, 8, 10, 11, 13, and 14 of the Superseding Indictment—be dismissed.

## II. THE ARPA AND NAGPRA CHARGES AGAINST MR. LACY VIOLATE THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.

The Ex Post Facto Clause of the United States Constitution—Article I, Section 9—provides that "[n]o ex post facto Law shall be passed."  U.S. Const. Art. 1, sec. 9.  The United States Supreme Court has determined that among those laws prohibited by the Ex Post Facto Clause are those that "make[ ] more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood,* 497 U.S. 37, 42 (1990) (citation and quotation omitted).  Ex post facto laws are criminal statutes that retroactively: (1) punish previously innocent conduct; (2) aggravate the criminal nature of an act; (3) increase the punishment for a crime; or (4) change the rules of evidence to lower the government's burden of proof or reduce the quantum of evidence necessary to convict the defendant. *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390

(1798). The *Calder* definition remains authoritative. *See Stogner v. California*, 539 U.S. 607, 611 (2003) (*Calder* provides the "authoritative account of the scope of the *Ex Post Facto* Clause").

As explained above, Congress passed ARPA in October 1979. ARPA was enacted in efforts to more fully protect the nation's heritage. Prior to the enactment of ARPA, the Antiquities Act was the primary means of protecting ancient artifacts on public lands. In pertinent part, the Antiquities Act provides:

> Any person who shall appropriate, excavate, injure, or destroy any historic or prehistoric ruin or monument, or any object of antiquity, situated on lands owned or controlled by the Government of the United States, without the permission of the Secretary of the Department of the Government having jurisdiction over the lands on which said antiquities are situated, shall, upon conviction, be fined in a sum of not more than $500 or be imprisoned for a period of not more than ninety days, or shall suffer both fine and imprisonment, in the discretion of the court.

16 U.S.C. § 433. The term "ruin or monument, or any object of antiquity" was not defined, and this failure led courts to differ on the constitutionality of the statute. *United States v. Diaz*, 499 F.2d 113 (9th Cir. 1974) ("the statute, by use of undefined terms of uncommon usage, is fatally vague in violation of the due process clause of the Constitution"); *United States v. Smyer*, 596 F.2d 939 (10th Cir. 1979) ("As applied in prosecution of defendants for taking artifacts from ancient sites for commercial motives [including 800-900 year old Indian bowls sold to an archeologist], Antiquities Act was not unconstitutionally vague or uncertain.").

The following table shows the major differences between the Antiquities Act and ARPA:

|  | **Antiquities Act**<br>**16 U.S.C. § 433** | **ARPA**<br>**16 U.S.C. § 470ee** |
|---|---|---|
| **Action** | appropriate, excavate, injure, or destroy | actually or attempt to excavate, remove, damage, or otherwise alter or deface OR sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange |
| **Item** | any historic or prehistoric ruin or monument, or any object of antiquity | any archaeological resource |
| **Location** | situated on lands owned or controlled by the Government of the United States | located on public lands or Indian lands |
| **Punishment** | fined in a sum of not more than $500 or be imprisoned for a period of not more than ninety days | fined not more than $10,000 or imprisoned not more than one year, or both ...fined not more than $20,000 or imprisoned not more than two years, or both.... fined not more than $100,000, or imprisoned not more than five years, or both. |

*See* 16 U.S.C. §§ 433; 470ee. Clearly, and intentionally, ARPA criminalizes more conduct and provides for harsher penalties than did the Antiquities Act. *See* NPS Archeology Program: The Archeological Resources Protection Act of 1979 (ARPA), available at http://www.nps.gov/history/archeology/tools/laws/ARPA.htm ("The primary impetus behind ARPA was the need to provide more effective law enforcement to protect public archeological sites. Two improvements over the Antiquities Act . . . were more detailed descriptions of the prohibited activities and larger financial and incarceration penalties for convicted violators."). A person could have lawfully excavated items from Indian land, or sold or possessed or purchased items from public lands under the Antiquities Act, while such acts would now be illegal under

ARPA. Even a violation prior to 1979 would only result in a 90-day jail sentence or a $500 fine, rather than the more severe felony penalties available under ARPA. Thus, both in terms of criminalizing previously-lawful behavior and in creating more severe punishments, ARPA may function as an ex post facto law. ARPA even acknowledges this possibility, stating that ARPA does not apply to lawful possession prior to October 31, 1979. 16 U.S.C. § 470ee (f).

Here, application of ARPA to Mr. Lacy is a violation of the Ex Post Facto Clause and requires dismissal of the ARPA charges against him. Mr. Lacy came into lawful possession of the items prior to October 1979. The later enactment of ARPA jeopardized both Mr. Lacy's lawful possession and lawful ability to sell the items. By making his previously lawful conduct criminal, and by imposing harsher penalties for criminal acts, ARPA acts unconstitutionally as an ex post facto law against Mr. Lacy.

The same analysis applies with respect to the alleged NAGPRA violations. Before 1990, any objects obtained by Mr. Lacy could not have been found in violation of NAGPRA, as NAGPRA did not exist (and it had no predecessor).

Accordingly, the prosecution against Mr. Lacy for violations of ARPA and NAGPRA is in violation of the United States Constitution, and Counts 7, 8, 10, 11, 13, and 14 of the Superseding Indictment must be dismissed.

## **CONCLUSION**

For the reasons stated above, Mr. Lacy respectfully requests that the Court dismiss Counts 7, 8, 10, 11, 13, and 14 of the Superseding Indictment.

DATED this 6th day of June 2011.

                              RAY QUINNEY & NEBEKER P.C.

                              /s/  Matthew R. Lewis
                              Matthew R. Lewis
                              Matthew M. Cannon

                              *Attorneys for Defendant David A. Lacy*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Carlie Christensen
    carlie.christensen@usdoj.gov

    Cy H. Castle
    cy.castle@usdoj.gov

    Richard D. McKelvie
    richard.mckelvie@usdoj.gov

                              /s/ Ashley Rollins

1138013