Matthew R. Lewis (7919)
Matthew M. Cannon (11265)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mlewis@rqn.com
mcannon@rqn.com

*Attorneys for Defendant David A. Lacy*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiffs, <br><br> vs. <br><br> **DAVID A. LACY,** an individual, <br><br> Defendant. | **MOTION TO EXCLUDE MAPS AND STRIKE ANY EXPERT'S RELIANCE ON MAPS ALLEGEDLY REFERENCED BY MR. LACY AND THE CONFIDENTIAL INFORMANT** <br><br> ORAL ARGUMENT REQUESTED <br><br> Civil No. 2:09-cr-00045 <br><br> Judge Ted Stewart |

David A. Lacy, by and through his counsel of record, hereby moves the Court to exclude the maps allegedly referenced by Mr. Lacy and/or the confidential informant during conversations that were recorded using covert video surveillance by the confidential informant. These maps should be excluded because: (1) the government cannot provide the proper

authentication or identification required under Rule 901 of the Federal Rules of Evidence; (2) these maps appear to contain inadmissible hearsay in the form of various markings and notes apparently made by the confidential informant or other government officials; and (3) the maps are irrelevant.

## BACKGROUND

As part of the government's investigation of Mr. Lacy, the government employed a confidential informant (the "CI") who made covert video recordings of his conversations with Mr. Lacy regarding alleged archeological items allegedly obtained by Mr. Lacy in San Juan County, Utah. During these recorded conversations, Mr. Lacy and CI appear to reference a map or maps (the "Maps") when they are discussing the location where Mr. Lacy allegedly found the various artifacts. The government has not purported to have produced the original Maps to Mr. Lacy. However, the government has provided Mr. Lacy with 8 ½ by 11" copies of thirty-five maps, documents Bates-stamped numbered DLACY 000075 through 000110. (These thirty-five maps will also be generally referred to as the "Maps," because the government will likely argue that many of the produced maps are reproductions of the original map(s) allegedly referenced by Mr. Lacy and CI and because all of the produced maps should be excluded for the reasons contained herein.) The government has also produced alleged statements of a Lynn Roth ("Roth"), GIS Specialist (documents Bates-stamped numbered DLACY 000066 through 000074), wherein Roth states that the "area of concern," "area of question," or "area identified" on many of the Maps is located on public land, respectively. Roth's reference to a specific area of concern or question appears to be based on various markings on the respective Maps—

markings that appear to include arrows, sticky notes with hand-written comments, other hand-written markings on the Maps, and computer-created, red circles.  (*See* documents DLACY 000075 through 000110.)  The government appears to be using Roth's statements concerning "relevant" areas of the Maps to demonstrate that the artifacts allegedly sold by Mr. Lacy to CI were discovered on and taken off public lands.

## ARGUMENT

There are numerous reasons why the government cannot rely on the Maps for the proposition that the relevant artifacts were taken from public lands.  First, insofar as the government is asserting that the Maps were referenced by Mr. Lacy during his conversations with CI, such Maps would be inadmissible because the government cannot lay a foundation for such Maps.  Second, the various markings on the Maps—arrows, hand-written notes, etc.—are inadmissible hearsay.  Furthermore, no expert can testify regarding the issue of whether the "marked" areas are public or private lands because the "marked" areas are inadmissible hearsay and an alleged reference to a particular location on a map is not information of a type reasonably relied on by other experts in the field.  Third, because nobody can lay a foundation for the Maps allegedly referenced by Mr. Lacy and CI, and because any markings made on the Maps are inadmissible hearsay, any testimony stating that the "area of concern," "area of question," or "area identified" on the Maps is on public land is irrelevant.[1]

---

[1] As an initial matter, the Court should exclude any map referencing the "Digging Stick" (DLACY 000075) or Atlatl Weight and should exclude any testimony regarding the alleged locations where these items were found, including, without limitation, Roth's statements (*see* DLACY 000066-67.)

      A.    **The Government Cannot Lay the Foundation for The Maps Allegedly Referenced By Mr. Lacy and CI.**

Rule 901 of the Federal Rules of Evidence provides, in part, that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Federal Rules of Evidence provide various illustrations regarding how certain items can be authenticated or identified to conform with the requirements of Rule 901. Relevant to this case, a document can be authenticated or identified by testimony of a witness with knowledge— "[t]estimony that a matter is what it is claimed to be." Fed. R. Evid. 901(b).

In this case, the government cannot provide a foundation for the Maps. There is no witness available to the government that can testify that the Maps allegedly referenced by Mr. Lacy and CI are what they claim to be. The CI is deceased. Furthermore, there does not appear to be any other possible means by which the government can satisfy Rule 901 regarding the Maps. Accordingly, the Maps should be excluded and Roth's statement concerning the Maps should be stricken.

      B.    **The Maps Should Be Excluded for Containing Inadmissible Hearsay.**

Not only are the Maps inadmissible for lack of foundation, but many of the Maps are also inadmissible on hearsay grounds. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A "statement" can be a written, as opposed to oral, assertion. Fed. R. Evid. 801(a). And, as this Court is well aware, "[h]earsay is not admissible

except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802.

In this case, the numerous markings on the Maps—arrows, sticky notes with hand-written comments, other hand-written markings on the Maps, and computer-created, red circles—are written assertions under Rule 801 and 802 of the Federal Rules of Civil Procedure. (*See* documents DLACY 000075 through 000110.) With the exception of some of the red-circles, which appear to designate general archeological digging sites, the written markings on the Maps are hearsay because they appear to be offered in evidence to prove that the marked locations are, indeed, the locations where Mr. Lacy found the relevant artifacts. Such written assertions are inadmissible hearsay and the Maps should therefore be excluded.

The inadmissibility of the Maps as hearsay is a second and independent basis to strike the Roth statements. (*See* documents DLACY 000066 through 000074.) Even if Roth were identified and deemed qualified as an expert, Roth's reliance on the Maps would still be improper because the written markings are certainly not of a type reasonably relied on by other experts in the field. *See, e.g., United States v. Affleck*, 776 F.2d 1451, 1457 (10th Cir. 1985) (recognizing that under Fed. R. Evid. 703 an expert may rely on inadmissible hearsay provided that, in part, "the information relied on must be of a type reasonably relied on by other experts in the field . . ."). The Maps should be excluded and Roth's statements should be stricken.

### C. In Light of the Above, Roth's Testimony is Improper and Otherwise Irrelevant.

In light of the government's inability to lay a foundation for the Maps, and in light of the fact that the Maps contain inadmissible hearsay, Roth's or any other testimony regarding the public or private status of the land "identified" is improper and otherwise irrelevant. In other words, the fact that the "identified" areas on the Maps be on public lands is irrelevant unless the government presents admissible evidence that these "identified" areas on the Maps are the locations where Mr. Lacy allegedly found the artifacts. At this point, the government has failed to provide any admissible evidence regarding these locations. Accordingly, any such testimony on these locations is irrelevant.

### D. The Court Should Have Oral Argument on This Motion

In light of the significance of the issue presented by this motion, Mr. Lacy respectfully requests that the Court entertain oral argument on this motion.

### CONCLUSION

For the reasons stated above, Mr. Lacy respectfully requests that the Maps be excluded and Roth's statements be stricken.

DATED this 6th day of June 2011.

        RAY QUINNEY & NEBEKER P.C.

        /s/ Matthew R. Lewis
        Matthew R. Lewis
        Matthew M. Cannon
        *Attorneys for Defendant David A. Lacy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Carlie Christensen
carlie.christensen@usdoj.gov

Cy H. Castle
cy.castle@usdoj.gov

Richard D. McKelvie
richard.mckelvie@usdoj.gov


/s/ Ashley Rollins

1138124