IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br><br><br><br>　　　　　　vs.<br><br><br>DAVID A. LACY,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR DISCLOSURE OF GOVERNMENT'S EXPERT TESTIMONY<br><br><br><br>Case No. 2:09-CR-45 TS |

　　　　This matter is before the Court on Defendant's Motion for Disclosure of Government's Expert Witness. For the reasons discussed below, the Court will grant Defendant's Motion to the extent that it requests the government disclose its experts along with "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."[1] The Court will, however, deny without prejudice Defendant's request that the Court exclude expert witness testimony.

---

　　　　[1]Fed.R.Crim.P. 16(a)(1)(G)

## I. BACKGROUND

Defendant moves, pursuant to Fed.R.Crim.P. 16(a)(1)(G) for an order requiring the government to disclose any expert witness it intends to use and to provide a written summary of any testimony it intends to introduce at trial as expert testimony under Rules 702, 703, and 705 of the Federal Rules of Evidence.[2] Defendant seeks to exclude any expert witness that is not timely disclosed.[3] The government has responded to Defendant's Motion by providing the names and resumes of the witnesses it may call as experts.[4]

## II. DISCUSSION

Fed.R.Crim.P. 16(a)(1)(G) provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

DUCrimR 16-1(c) states that, "[u]nless ordered by the court, the party obligated to disclose under Fed.R.Crim.P. 16 must comply promptly but not fewer than fourteen (14) days prior to trial."

Under these rules, the government was required to provide its expert disclosures by June 27, 2011. The government did not file its Disclosure of Expert Witnesses until June 29, 2011. Therefore, it is untimely. The government's disclosure is not only untimely, it is also deficient. As set out in Fed.R.Crim.P. 16(a)(1)(G), the government must provide "a written summary of

---

[2]Docket No. 108.

[3]*Id*.

[4]Docket No. 125.

any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."[5]  The rule goes on to provide that this summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[6]  The government's disclosure provides no such information, it only provides the resumes of those individuals that the government may call as experts.  Therefore, the disclosure does not comply with the Federal Rules of Criminal Procedure.

Having found a violation of Rule 16, the Court must then consider the appropriate sanction.  Rule 16(d)(2) of the Federal Rules of Criminal Procedure gives the Court broad discretion in imposing sanctions on a party who fails to comply with a discovery order.[7]  That Rule provides:

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner, and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.[8]
>
> The factors the district court should consider in determining whether a sanction is appropriate are (1) the reasons for the delay in producing the requested materials, including whether or not the party acted in bad faith; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance.[9]

---

[5]Fed.R.Crim.P. 16(a)(1)(G).

[6]*Id.*

[7]*United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988).

[8]Fed.R.Crim.P. 16(d)(2).

[9]*United States v. Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999).

The Court first considers the reason for the delay, including whether the party acted in bad faith. The government has not provided a reason for the delay, but there is no evidence of bad faith. "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."[10]

Second, the Court considers the prejudice to Defendants. "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case."[11] "The concept of prejudice does not encompass the expense of additional trial preparation."[12] Here, the prejudice to Defendants as a result of the short delay in disclosing the identity of the expert witnesses is minimal. The government's failure to provide an appropriate summary describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications is more problematic. Without such a summary, Defendant cannot adequately prepare for trial.

The Court next considers the feasability of curing the prejudice. The Court believes that any such prejudice can be cured prior to trial. In order to do so, the Court directs the government to provide Defendant a summary meeting the requirements of Rule 16 by June 30, 2011. Failure to do so may result in sanctions.

---

[10] *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

[11] *Id.* at 1250.

[12] *Id.*

The Court does not believe that the severe sanction of exclusion is appropriate at this time. The Tenth Circuit has made clear that "the preferred sanction is a continuance."[13] Indeed, it is "a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[14] Therefore, the Court will deny Defendant's request to exclude the government's expert witnesses at this time.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Disclosure of Government's Expert Witness (Docket No. 108) is GRANTED as set forth above.

The government is directed to provide to Defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial by June 30, 2011. That summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Failure to do so may result in sanctions, up to and including the exclusion of the government's expert witnesses.

DATED  June 29, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[13]*Id*. at 1249.

[14]*Id*.