Matthew R. Lewis (7919)
Matthew M. Cannon (11265)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mlewis@rqn.com
mcannon@rqn.com

*Attorneys for Defendant David A. Lacy*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID A. LACY,** an individual,<br><br>Defendant. | **REVISED REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE MAPS AND STRIKE ANY EXPERT'S RELIANCE ON MAPS ALLEGEDLY REFERENCED BY MR. LACY AND THE CONFIDENTIAL INFORMANT**<br><br>Civil No. 2:09-cv-00045<br><br>Judge Ted Stewart |

David A. Lacy, by and through his counsel of record, hereby files his reply memorandum in support of his motion to exclude the maps allegedly referenced by Mr. Lacy and/or the confidential informant during conversations that were recorded using covert video surveillance by the confidential informant.

**ARGUMENT**

Mr. Lacy has asked the Court to refuse to admit into evidence the maps allegedly referenced by Mr. Lacy and/or the confidential informant during recorded conversations. The bases for excluding the maps are (1) the government cannot provide the proper authentication or identification required under Rule 901 of the Federal Rules of Evidence; (2) these maps appear to contain inadmissible hearsay in the form of various markings and notes apparently made by the confidential informant or other government officials; and (3) the maps are irrelevant.[1] In its opposition memorandum, the government has failed to explain why the maps should not be excluded.

> **A.  The Government Fails to Directly Address Most of Mr. Lacy's Arguments and Otherwise Fails to Explain Why the Maps Should Not Be Excluded.**

In its untimely opposition memorandum,[2] the government does not explain how the maps, documents DLACY 000075 through 000110 (the "Maps"), are relevant. (*See generally* Gov't. Opp.) In its opposition memorandum, the government does not explain how it intends to lay the foundation for the Maps. (*See id.*) Indeed, the only specific response to Mr. Lacy's motion concerns the hearsay issue. The government simply argues that the "marks defendant complains of were either placed there by defendant himself, or placed there by the Confidential

---

[1] As the Court is aware, the confidential informant who recorded these conversations is deceased.
[2] Mr. Lacy timely filed the underlying motion on June 6, 2011. Pursuant to DUCrimR 12-1(1)(C), the government's response, if any, was due fourteen days after service of the motion. The government, however, did not file its response until June 28, 2011, two days before the Final Pretrial Conference.

Informant in defendant's presence and adopted as admissions by the defendant." (*Id.* at 2.) This argument fails for at least two reasons.

First, the government does not address the fact that the majority of the marks on the Maps complained of by Mr. Lacy appear to have been added at some point *after* the meetings between Mr. Lacy and the confidential informant. (*See* documents DLACY 000075 through 000110 (containing markings that appear to include arrows, sticky notes with hand-written comments, other hand-written markings on the Maps, and computer-created, red circles).) In other words, the government fails to even address the majority of the marks complained of by Mr. Lacy. Second, as to those marks that were allegedly placed by the Confidential Informant in defendant's presence, Mr. Lacy did not adopt these as a statement/admission. Accordingly, the Maps should be excluded on the basis that the marks are inadmissible hearsay. And to the extent that some of the marks may not be inadmissible hearsay, the Maps should be excluded on the grounds of relevance and authentication.

**B.     The Court Should Address, Before Trial, the Issues Raised in this Motion.**

Now is the time for the Court to address the admissibility of the Maps. The government argues that Mr. Lacy's motion requires the Court to "speculate as to the manner in which the United States intends to proceed with its case in chief." (*See id.* at 1-2.) Furthermore, the government argues that the "Court cannot engage in a 'mini-trial' of motions challenging the evidence the government intends to produce, depending on defendant's own assumptions as to the government's theory of admissibility." (*Id.* at 2.) These statements are unpersuasive.

Contrary to what the government contends, the issues raised in this motion are precisely the subject matter for a pretrial motion. A motion in limine asks the Court to prevent certain evidence from being presented at trial. The purpose of such a motion is to prevent the introduction of materials that are irrelevant, inadmissible, or prejudicial. To wait until trial to address these issues, as the government suggests, may waste the time of the Court and jury, and may result in a significant prejudice to Mr. Lacy if the Maps are referenced by the government but later excluded. The fact that the United States is "aware of its obligation at trial to lay foundation" provides no assurance to the Court that it will actually be able to do so at trial. The Court should address these issues before trial. And in light of the lack of substance in the government's untimely opposition memorandum, the Court should rule that the Maps identified by Mr. Lacy (documents bates-stamped DLACY 000075 through 000110) should be excluded.[3]

## CONCLUSION

For the reasons stated above, Mr. Lacy respectfully requests that the Maps be excluded and that any expert be prohibited from basing his or her opinion on the Maps.

DATED this 30th day of June 2011.

                        RAY QUINNEY & NEBEKER P.C.

                        /s/ Matthew M. Cannon
                        Matthew R. Lewis
                        Matthew M. Cannon
                        *Attorneys for Defendant David A. Lacy*

---

[3] In the event that the Court decides to withhold judgment on this motion until trial, Mr. Lacy requests that the Court issue an order prohibiting the government from referencing the maps in its opening argument.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Carlie Christensen
    carlie.christensen@usdoj.gov

    Cy H. Castle
    cy.castle@usdoj.gov

    Richard D. McKelvie
    richard.mckelvie@usdoj.gov

                                                         /s/ Matthew M. Cannon

1142286