Matthew R. Lewis (7919)
Matthew M. Cannon (11265)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mlewis@rqn.com
mcannon@rqn.com

*Attorneys for Defendant David A. Lacy*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiffs, <br><br> vs. <br><br> **DAVID A. LACY,** an individual, <br><br> Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS OR OTHERWISE EXCLUDE VIDEO AND/OR AUDIO RECORDINGS** <br><br><br> Civil No. 2:09-cr-00045 <br><br> Judge Ted Stewart |

Defendant, David A. Lacy, by and through his counsel of record, hereby files this reply memorandum in support of his motion to suppress or otherwise exclude any video and/or audio recordings sought to be introduced by the government in this case.

## **ARGUMENT**

After Mr. Lacy filed his underlying motion, the government informed Mr. Lacy's counsel of the means by which the government believed it would be able to lay a foundation for introduction at trial of the video recordings at issue in this case. Specifically, the government has indicated that it intends to call Kevin Shumway, who was present during the interactions between Mr. Lacy and the Confidential Informant, to authenticate the recordings. Based on the government's representations, Mr. Lacy is not currently moving the Court to exclude the video recordings based on a lack of foundation. However, should the video recordings be introduced at trial, the Court should apply the rule of completeness to the video recordings as described below.

Pursuant to Rule 106 of the Federal Rules of Evidence, "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. When considering whether a statement must be admitted in its entirety, courts should consider whether the statement "(1) [] explains the admitted evidence; (2) places the admitted evidence in context; (3) avoids misleading the jury; and (4) insures fair and impartial understanding of the evidence." *United States v. Lopez-Medina,* 596 F.3d 716, 735 (10th Cir. 2010) (internal quotations and citations omitted). Rule 106 recognizes that timing is critical and statements should not be presented out of context. *See* Fed. R. Evid. 106.

In this case, Mr. Lacy believes that the government intends to introduce at trial video recordings involving discussions between Mr. Lacy and the government's Confidential

Informant.[1]  Mr. Lacy believes that the government may seek to introduce only portions of the conversations between Mr. Lacy and the Confidential Informant.  In the event that the government can properly lay a foundation for the introduction of the videos, Mr. Lacy requests that the Court order that the "complete" recordings be introduced.  The "complete" recordings would include the moment the Confidential Informant began his video recording in anticipation of that meeting with Mr. Lacy, and would continue until the time after the meeting where Confidential Informant ceased recording.

Including a complete recording would place the admitted evidence in context and insure a fair and impartial understanding of the evidence.  *See Lopez-Medina,* 596 F.3d at 735.  Indeed, selective video clips may create a highly prejudicial impression of Mr. Lacy's interactions with the Confidential Information that could not be overcome by showing other portions of the video days later.  For example, the absence of a contemporaneous viewing of the complete recordings would allow the jury to form a false impression of how these meetings were arranged and who initiated the contact.  Furthermore, the "complete" recordings would avoid the admission of selectively edited recordings that exclude relevant information relating to Mr. Lacy's entrapment defense.  Finally, the introduction of the complete recordings during the government's case will also result in a more efficient trial as Mr. Lacy will not be required to re-show to the jury all of the government's video clips in their full context.  Such a course of action will minimize

---

[1] The government has not yet provided Mr. Lacy with the portions of the video recordings, if any, it intends to introduce at trial.  Mr. Lacy respectfully requests that such a designation be made in connection with the government's disclosure of its exhibits and witnesses on Friday, July 1, 2011.

additional objections and legal issues certain to arise if the government produces only selectively edited video clips.[2]

DATED this 30th day of June 2011.

        RAY QUINNEY & NEBEKER P.C.

        /s/  Matthew M. Cannon
        Matthew R. Lewis
        Matthew M. Cannon

        *Attorneys for Defendant David A. Lacy*

---

[2] Mr. Lacy anticipates that the "complete" video recordings would last approximately three to four hours.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Carlie Christensen
    carlie.christensen@usdoj.gov

    Cy H. Castle
    cy.castle@usdoj.gov

    Richard D. McKelvie
    richard.mckelvie@usdoj.gov

    /s/ Matthew Cannon

1142288