Matthew R. Lewis (7919)
Matthew M. Cannon (11265)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mlewis@rqn.com
mcannon@rqn.com

*Attorneys for Defendant David A. Lacy*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID A. LACY,** an individual,<br><br>Defendant. | **REPLY IN SUPPORT OF MOTION TO DISMISS<br>COUNTS 7, 8, 10, 11, 13 & 14**<br><br><br>Civil No. 2:09-cr-00045<br><br>Judge Ted Stewart |

Defendant, David A. Lacy, by and through his counsel of record, submits this Reply in Support of Motion to Dismiss.  As provided in Defendant's motion, the counts against Defendant under NAGPRA (Counts 8 & 14) should be dismissed because the statute requires that the item be obtained in violation of NAGPRA.  See 18 U.S.C. § 1170 ("(b) Whoever knowingly sells … any Native American cultural items obtained in violation of the Native American Grave

Protection and Repatriation Act …).  Given that NAGPRA was not enacted until 1990, the government must show that an item was obtained by Defendant after 1990, which it cannot do.

The government contends, without citing any provision of NAGPRA, that NAGPRA contains a provision making it unlawful to sell an item obtained in violation of another statute or regulation that pre-dated NAGPRA.  Defendant is not aware of any such provision.  To the contrary, as stated above, NAGPRA expressly requires that a defendant have obtained an item in violation of NAGPRA.  Because the government has no evidence that Defendant obtained any item charged under NAGPRA after 1990, the NAGPRA counts (Counts 8 & 14) should be dismissed.

The government contends that the ARPA counts (Counts 7, 10-13) should not be dismissed because ARPA allows for a violation if a person sells and archeological resource obtained in violation of another federal law or regulation.  Opposition at 1-2.  If correct, this would require the government to prove the violation of another statute or regulation as an element of an ARPA violation.  Because neither the Superseding Indictment nor any formal notice indicates what other statute or regulation the government intends to prove was violated by Defendant, Defendant hereby requests that the government identify the statute or regulation the violation of which it intends to prove.

Because it does not appear that the charges against Defendant violate the *ex post facto* clause, Defendant withdraws that argument.

DATED this 30th day of June 2011.

        RAY QUINNEY & NEBEKER P.C.


        /s/ Matthew R. Lewis
        Matthew R. Lewis
        Matthew M. Cannon

        *Attorneys for Defendant David A. Lacy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    Carlie Christensen
    carlie.christensen@usdoj.gov

    Cy H. Castle
    cy.castle@usdoj.gov

    Richard D. McKelvie
    richard.mckelvie@usdoj.gov

    /s/ Ashley Rollins

1138013