IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> DAVID A. LACY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO SUPPRESS OR OTHERWISE EXCLUDE VIDEO AND/OR AUDIO RECORDINGS <br><br><br><br> Case No. 2:09-CR-45 TS |

     This matter is before the Court on Defendant's Motion to Suppress or Otherwise Exclude Video and/or Audio Recordings.  Defendant states that, as part of the government's investigation, the government made covert video and/or audio recordings of conversations between a confidential informant and Defendant.  Defendant states that he has been provided with copies of the video and/or audio recordings.  Defendant states that he has also requested certain evidence relevant to the investigation (FD-302 forms and FD-473 forms).  Defendant states that he has also requested a complete description of the covert video and/or audio surveillance used by the government in its investigation of Defendant, including the type of technology used, the manner

1

in which the videos and/or audio were recorded, the manner in which the videos and/or audio were monitored, and the manner in which the videos and/or audio were copied. Pending the production of this information, Defendant has filed this motion to preserve his ability to object to the use of this evidence.

The government, in response, states that it has provided Defendant with all of the video and audio tapes. The government also states that it has provided Defendant with complete discovery regarding the circumstances of the recordings. The government states that Defendant is free to object to the evidence, but argues that Defendant's Motion is premature.

In reply, Defendant states that he is no longer moving the Court to exclude the video recordings based on a lack of foundation. However, Defendant argues that, should the video recordings be introduced at trial, the Court should apply the rule of completeness to the video recordings. Specifically, Defendant requests that the Court order that the entire recordings be introduced. Defendant also requests the government designate which portions of the video recordings, if any, it intends to introduce at trial.

Turning to Defendant's initial argument, the Court agrees with the government that this Motion is premature. It will be necessary for the government to lay a proper foundation for admission of the recordings and Defendant may, of course, object to their admission on any number of evidentiary grounds. The Court cannot decide this matter outside the context of trial. Therefore, the Motion will be denied on this ground.

The Court next considers Defendant's argument under the rule of completeness. Fed.R.Evid. 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Defendant requests that, under Rule 106, the entire recording be presented to the jury. "'The purpose of Rule 106 is to prevent a party from misleading the jury by allowing into the record relevant portions of a writing or recorded statement which clarify or explain the part already received.'"[1] "The rule of completeness, however, does not necessarily require admission of [an entire statement, writing or recording.] Rather, only those portions which are relevant to an issue in the case and necessary to clarify or explain the portion already received need to be admitted."[2] "In determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence."[3]

As stated, the rule of completeness does not require the entire recording to be introduced. Rather, a party may seek to introduce portions of the recordings under the framework set forth above. Therefore, the Court will deny Defendant's request to play the entire recording, but

---

[1] *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (quoting *United States v. Moussaui*, 382 F.3d 453, 481 (4th Cir. 2004)).

[2] *Id.* (quotation marks and citations omitted).

[3] *Id.* (quotation marks and citations omitted).

Defendant will be permitted to prepare counter designations of his own which will be shown at the same time as the government's designations. The Court further agrees with Defendant's suggestion that the government be required to identify those portions of the recordings that it intends to introduce at trial. The government must do so by July 5, 2011, by 12:00 p.m.

It is therefore

ORDERED that Defendant's Motion to Suppress or Otherwise Exclude Video and/or Audio Recordings (Docket No. 110) is DENIED.

DATED   June 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge