IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO EXCLUDE MAPS AND STRIKE ANY EXPERT'S RELIANCE ON MAPS ALLEGEDLY REFERENCED BY MR. LACY AND THE CONFIDENTIAL INFORMANT |
| vs. | |
| DAVID A. LACY, Defendant. | Case No. 2:09-CR-45 TS |

This matter is before the Court on Defendant's Motion to Exclude Maps and Strike any Expert's Reliance on Maps Allegedly Referenced by Mr. Lacy and the Confidential Informant. By his Motion, Defendant seeks to exclude maps allegedly referenced by Mr. Lacy and/or the confidential informant during conversations that were recorded using covert video surveillance. Defendant argues that the maps should be excluded because: (1) the government cannot provide the proper authentication or identification required under Rule 901 of the Federal Rules of Evidence; (2) the maps appear to contain inadmissible hearsay in the form of various markings

1

and notes apparently made by the confidential informant or other government officials; and (3) the maps are irrelevant.

The government responds by arguing that it is inappropriate to determine whether it can lay sufficient foundation for the admission of the maps outside of trial. The government also argues that the markings placed on the map were either placed there by Defendant or placed there by the confidential informant in Defendant's presence and adopted as admissions by Defendant.

In his Reply, Defendant argues that the government has failed to explain how it intends to lay foundation for the maps. Defendant also argues that the majority of the marks on the maps appear to have been added after the meetings between Mr. Lacy and the confidential informant, and that Mr. Lacy did not adopt these as a statement or admission. Defendant also requests that, if the Court decides to withhold judgment on this issue until trial, the Court should issue an order prohibiting the government from referencing the maps in its opening statement.

As with any other evidence it seeks to introduce, the government will be required to lay a proper foundation for the maps if it seeks to introduce them. The Court is unable, outside of the context of trial, to determine whether the government will be able to do so. Therefore, the Motion will be denied on this ground.

Defendant next argues that the markings on the maps constitute inadmissible hearsay. The government argues that the markings placed on the map were either placed there by Defendant or placed there by the confidential informant in Defendant's presence and adopted as admissions by Defendant. Fed.R.Evid. 801(d)(2) states that a statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement . . . or (B) the statement

of which the party has manifested an adoption or belief in its truth." Defendant argues that the markings appear to be added after the meeting between himself and the confidential informant and that he did not adopt these statements.  Again, the government will bear the burden of proving that the markings are not hearsay or fall within an exception to the hearsay rule if they seek admission of the maps containing the markings.  The Court is also unable to resolve these issues outside of the context of trial.

Though the Court cannot resolve the Motion at this time, the Court agrees with Defendant's suggestion that the government be prohibited from referencing the maps in its opening statement.  Therefore, the Court will not permit the government from referencing the maps in its opening statement.

It is therefore

ORDERED that Defendant's Motion to Exclude Maps and Strike any Expert's Reliance on Maps Allegedly Referenced by Mr. Lacy and the Confidential Informant (Docket No. 107) is DENIED WITHOUT PREJUDICE.

DATED   June 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge