IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAVID A. LACY, Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 7, 8, 10, 11, 13 & 14<br><br>Case No. 2:09-CR-45 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendant David Lacy. Defendant seeks dismissal of Counts 7, 8, 10, 11, 13 & 14 of the Superseding Indictment. Defendant initially argued: (1) that the government cannot produce evidence that the alleged artifacts were found after the relevant statutes were enacted; and (2) the relevant statutes violate the Ex Post Facto clause of the United States Constitution. Defendant has since withdrawn his argument concerning the Ex Post Facto clause. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant is charged with the violation of three different statutes: 16 U.S.C. § 470ee (Archeological Resource Protection Act or "ARPA"); 18 U.S.C. § 1170(b) (Native American Grave Protection and Repatriation Act or "NAGPRA"); and 18 U.S.C. § 641 (Theft of Government Property).  At issue in this Motion are the charges against Defendant under ARPA and NAGPRA.

ARPA provides:

(a) No person may excavate, remove, damage, or otherwise alter or deface, or attempt to excavate, remove, damage, or otherwise alter or deface any archaeological resource located on public lands or Indian lands unless such activity is pursuant to a permit issued under section 470cc of this title, a permit referred to in section 470cc(h)(2) of this title, or the exemption contained in section 470cc(g)(1) of this title.
(b) No person may sell, purchase, exchange, transport, receive, or offer to sell, purchase, or exchange any archaeological resource if such resource was excavated or removed from public lands or Indian lands in violation of--
(1) the prohibition contained in subsection (a) of this section, or
(2) any provision, rule, regulation, ordinance, or permit in effect under any other provision of Federal law.[1]

ARPA was enacted in 1979 and the prohibitions contained therein took effect on October 31, 1979.[2]  ARPA provides: "Nothing in subsection (b)(1) of this section shall be deemed applicable to any person with respect to an archaeological resource which was in the lawful possession of such person prior to October 31, 1979."[3]

---

[1] 16 U.S.C. § 470ee(a)-(b).

[2] *Id*. § 470ee(e).

[3] *Id*. § 470ee(f).

2

   The relevant provision of NAGPRA states:

   Whoever knowingly sells, purchases, uses for profit, or transports for sale or profit any Native American cultural items obtained in violation of the Native American Grave Protection and Repatriation Act shall be fined in accordance with this title, imprisoned not more than one year, or both, and in the case of a second or subsequent violation, be fined in accordance with this title, imprisoned not more than 5 years, or both.[4]

NAGPRA was enacted in November 1990.

   Defendant is charged with allegedly violating these statutes in 2007 and 2008.

## II.  DISCUSSION

   A party may move to dismiss an indictment under Fed.R.Crim.P. 12(b)(2).[5] A challenge to an indictment generally does not open the door to questioning the strength of the government's case or its evidence because the "indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."[6] When reviewing a motion to dismiss an indictment, the question is only "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."[7]

---

[4]18 U.S.C. § 1170(b).

[5]*United States v. Hall*, 20 F.3d 1084, 1086-87 (10th Cir. 1994).

[6]*Id*. at 1087 (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962)).

[7]*Id*.

3

The Court may grant the motion if the motion only addresses a pure question of law.[8] However, such dismissals "are the 'rare exception.'"[9] This is because dismissal of an indictment is only proper when "'undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted."[10] "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."[11] The Tenth Circuit has explained the two key justifications for this rule. First, the rule "respect[s] the role of the jury"; and second, in some instances, "evidence adduced at trial can provide a 'more certain framework' for its analysis."[12]

Defendant initially argued that the Court should dismiss both the ARPA and NAGPRA charges against him because the government cannot prove that the relevant items were found after the enactment of the respective statutes. In his Reply, however, Defendant has limited his argument to the NAGPRA charges, seemingly abandoning his argument that the ARPA charges should be dismissed. As a result, the Court will limit its discussion to the NAGPRA charges.

---

[8] *See United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010).

[9] *Id*. (quoting *Hall*, 20 F.3d at 1088; citing *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006)).

[10] *Id*. (quoting *Todd*, 446 F.3d at 1068).

[11] *Id*. at 1259 (emphasis in original).

[12] *Id*.

Defendant contends that NAGPRA requires the government to show that the Native American cultural item be obtained in violation of NAGPRA.[13] As NAGPRA was not enacted until 1990, Defendant argues that the government must prove that the item was obtained by Defendant after 1990. Defendant argues that the government cannot meet this burden.

As stated above, when reviewing a motion to dismiss the indictment, the indictment is to be tested on the allegations made therein, which are taken as true. The question is whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. The NAGPRA charges against Defendant are contained in Counts 8 and 14 of the Superseding Indictment. Both of these counts allege: (1) that Defendant knowingly sold, used for profit, and transported for sale or profit; (2) Native American cultural items; (3) which were obtained in violation of NAGPRA. These allegations are sufficient to withstand Defendant's Motion to Dismiss. It will be left to the trier of fact to determine whether the government can, in fact, prove these allegations. Defendant's argument seeks to delve into contested facts, which is inappropriate on a motion to dismiss an indictment where the disputed facts would be of assistance in determining the issues raised in the motion.

Defendant had initially sought dismissal of the ARPA charges, arguing that the government could not produce evidence that the relevant items were obtained by Defendant after October 31, 1979. Without such evidence, Defendant argued the ARPA charges should be dismissed. The government disputed that interpretation, pointing out that ARPA prohibits the

---

[13] *See* 18 U.S.C. § 1170(b) ("Whoever knowingly sells, purchases, uses for profit, or transports for sale or profit any Native American cultural items obtained in violation of the Native American Grave Protection and Repatriation Act . . . .").

sale of artifacts taken not only in violation of that statute, but in violation of *any* provision of Federal law.[14]  As previously stated, Defendant no longer appears to seek dismissal of the ARPA charges against him.  He does, however, argue that the government should be required to identify which statute or regulation it believes Defendant has violated.  The Court believes that the appropriate place to do this is the jury instructions.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Counts 7, 8, 10, 11, 13 & 14 of the Superseding Indictment (Docket No. 106) is DENIED.

DATED   June 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[14] 16 U.S.C. § 470ee(b)(2).