IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID A. LACY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF OR REFERENCE TO PRIOR MISDEMEANOR<br><br><br>Case No. 2:09-CR-45 TS |

This matter is before the Court on Defendant's Motion to Exclude Evidence of or Reference to Prior Misdemeanor. Defendant seeks to exclude reference of a prior misdemeanor conviction from 1979. The government opposes Defendant's Motion. The government argues that Defendant's prior conviction for a federal misdemeanor relating to the illegal taking of archeological artifacts is admissible under Rule 404(b) to show Defendant's knowledge regarding the illegality of his conduct in allegedly excavating and/or selling Native American artifacts taken from public lands. For the reasons discussed below, the Court will take this matter under advisement.

1

The Tenth Circuit, relying on the Supreme Court's decision in *United States v. Huddleston*,[1] has provided a four-prong requirement for any evidence admitted under Fed. R. Evid. 404(b):

> (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it is admitted.[2]

The first consideration is whether the evidence is being offered for a proper purpose under Rule 404(b). Rule 404(b) proscribes admission of evidence of prior crimes, wrongs, or acts if offered "to prove the character of a person in order to show action in conformity therewith."[3] Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[4]

The government indicates that Defendant's prior conviction is to prove knowledge regarding the illegality of his alleged conduct in excavating and/or selling Native American artifacts taken from public lands. Therefore, the prior conviction is being offered for a proper 404(b) purpose.

---

[1] 485 U.S. 681, 691–92 (1988).

[2] *United States v. Tan*, 254 F.3d 1204, 1207-08 (10th Cir. 2001).

[3] Fed. R. Evid. 404(b).

[4] *Id*.

The Court must next consider whether the evidence is relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[5] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[6]

The evidence the government intends to introduce may be relevant. The relevance of Defendant's knowledge is likely dependent, however, on the evidence presented at trial. Therefore, the extent of the relevance of the evidence is unclear at this point.

The Court next weighs the probative value of the evidence against its potential prejudice. Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

Evidence is unfairly prejudicial "if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense of the crime charged."[7]

---

[5] Fed. R. Evid. 401.

[6] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[7] *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (quotation and citation omitted).

"[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'"[8]

Evidence of a prior conviction will always contain some danger of unfair prejudice. It is unclear, at this point, whether the danger of unfair prejudice substantially outweighs the probative value of this evidence. As stated, the probative value of the evidence may change depending on the evidence presented at trial.

The government is instructed that it will be expected to pause in its case immediately before attempting to introduce the evidence in question in order for Defendant to renew his Motion in light of the evidence then before the jury.

Finally, the Court would be able to provide a limiting instruction if the evidence of the prior conviction is admitted.

It is therefore

ORDERED that Defendant's Motion to Exclude Evidence of or Reference to Prior Misdemeanor (Docket No. 109) is TAKEN UNDER ADVISEMENT.

DATED   June 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *Tan*, 254 F.3d at 1211 (quoting *Rodriquez*, 192 F.3d at 949).